IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-277-FL
NO. 5:13-CV-29-FL

| | | |
|---|---|---|
| STEVEN NEAL GREENOE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on the government's motion to quash (DE 153) petitioner's notice of deposition. Petitioner responded, and, in this posture, the issues raised are ripe for ruling. This matter also remains before the court for scheduling of an evidentiary hearing. For the reasons that follow, the government's motion is denied, and the court directs the parties to submit a joint report following completion of the deposition, regarding proposed dates for an evidentiary hearing.

## BACKGROUND

On March 2, 2011, petitioner pleaded guilty, pursuant to a written plea agreement, to engaging in international travel to deal in firearms without a license, in violation of 18 U.S.C. § 924(n); and exporting firearms from the United States without a license, in violation of 22 U.S.C. §§ 2778(b)(2) and 2278(c), which offenses were charged as counts 11 and 28 of a second superseding indictment filed February 2, 2011. As part of the plea agreement, the government agreed to dismiss all remaining counts out of 50 offenses charged in the second superseding indictment. Petitioner was sentenced on January 10, 2012, before the Honorable Malcolm Howard,

Senior United States District Judge, to a term of imprisonment of 120 months on each count to run concurrently for a total term of 120 months. Petitioner did not appeal.

Petitioner filed a motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255, on January 11, 2013, asserting claims on the basis of ineffective assistance of counsel and prosecutorial misconduct. This case subsequently was reassigned to the undersigned to conduct all proceedings. Petitioner, with leave of court, filed a memorandum in support of the § 2255 motion on May 10, 2013, along with a sealed motion for discovery. On July 26, 2013, the government filed a motion to dismiss the § 2255 motion for failure to state a claim upon which relief can be granted.

The court referred these motions to a magistrate judge. On June 23, 2014, a magistrate judge scheduled an evidentiary hearing on the § 2255 motion for August 12, 2014. Petitioner filed on July 3, 2014, a motion asking the court to conduct a conference pursuant to CIPA Section 2 and to allow discovery in advance of the evidentiary hearing. Petitioner also filed a preliminary notice of intent to disclose classified information. That same date, in light of these developments, the court discontinued the pending evidentiary hearing and terminated the magistrate judge referral of the pending motions.

On July 14, 2014, the court granted in part and denied in part the government's motion to dismiss, dismissing petitioner's prosecutorial misconduct claim and allowing petitioner's ineffective assistance of counsel claim to proceed. The court denied without prejudice petitioner's motion for CIPA Section 2 conference, and denied petitioner's motion for discovery except to the extent set forth in the court's order. Specifically, the court directed the parties to confer and engage in discovery on the following four topics, as pertinent to one prong of petitioner's ineffective assistance of counsel claim:

2

> 1. Communications between petitioner and counsel (both Edwards and/or Zeszotarski) during the course of the underlying criminal case.
>
> 2. Information developed or obtained during the course of any investigation undertaken by Edwards and/or Zeszotarski during the course of the underlying criminal case.
>
> **3. Communications between the prosecution and petitioner and his counsel (both Edwards and/or Zeszotarski) during the course of the underlying criminal case.**
>
> 4. Communications between Edwards and Zeszotarski during the course of the underlying criminal case.

(DE 146 at 14-15) (emphasis added). The court deferred scheduling of evidentiary hearing until completion of the discovery ordered.

On August 14, 2014, upon review of the parties' proposed discovery scheduling order, and the government's motion for reciprocal discovery, the court directed the parties to engage in a first phase of discovery, for 30 days thereafter, including disclosure of potential witnesses, and written discovery related thereto. The court directed the government to file a notice thereafter stating whether it intended to conduct any depositions without payment of expenses and fees of petitioner's counsel, as noted in dispute at that time.

In order entered November 19, 2014, the court noted that the government had filed a notice stating that it did not intend to conduct any depositions, and the court addressed two outstanding issues noted by petitioner in response. First, petitioner requested setting of an evidentiary hearing no sooner than mid-January, 2015, due to a scheduling conflict. Second, petitioner noted he had sought deposition of Assistant United States Attorney Jane Jackson, but that the government had stated it would move to quash such deposition based upon applicable privileges, rules of evidence, and rules of civil procedure. Petitioner thus requested sufficient time in advance of an evidentiary

3

hearing to permit time for resolution of the government's anticipated motion to quash. The court directed the government to file an appropriate motion to quash or for protective order, and response by petitioner.

On November 21, 2014, the government filed its motion to quash the notice of deposition of Ms. Jackson and a memorandum in support thereof. Petitioner filed a response on December 1, 2014.

## DISCUSSION

In a § 2255 matter, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal or Civil Procedure, or in accordance with the practices and principles of law." Rules Governing § 2255 Proceedings, Rule 6(a), 28 U.S.C.A. foll. § 2255. Parties requesting "discovery must provide reasons for that request," "include any proposed interrogatories and requests for admission," and "specify any requested documents." Id., Rule 6(b). With respect to depositions, the rule states only that "[i]f the government is granted leave to take a deposition, the judge may require the government to pay the travel expenses, subsistence expenses, and fees of the moving party's attorney to attend the deposition." Id. Rule 6(c).

The Advisory Committee Notes to Rule 6 recognize that "[t]his rule contains very little specificity as to what types and methods of discovery should be made available to the parties in a habeas proceeding, or how, once made available, these discovery procedures should be administered." Rules Governing Section 2254 Cases, Rule 6 cmt. (1976) (made applicable to Rules Governing Section 2255 Cases, Rule 6 cmt. (1976)). Id. Rather than providing specificity, "[t]he purpose of this rule is to get some experience in how discovery would work in actual practice by letting district court judges fashion their own rules in the context of individual cases" in order to

4

allow for "more specific codification" in the future. Id. Thus, under the Rules Governing Section 2255 cases, district courts retain "substantial discretion to expedite proceedings . . . while at the same time preserving the important right of those raising serious habeas questions to have their claims thoroughly considered by the district court." Lonchar v. Thomas, 517 U.S. 314, 326 (1996).

The Federal Rules of Civil Procedure allow a party, by oral questions, to "depose any person, including a party, without leave of court [.]" Fed. R. Civ. P. 30(a)(1). However, "[t]he court must limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; the party seeking the discovery has had ample opportunity to obtain the information by discovery in the action; or the burden or expense of the proposed discovery outweighs its likely benefit. . . ." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

In order to establish good cause for a protective order prohibiting a deposition, the movant must make "a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one." Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 412 (M.D.N.C.1991) (citing Gulf Oil v. Bernard, 452 U.S. 89, 102 n. 16 (1981)). Furthermore, "protective orders which totally prohibit a deposition should be rarely granted absent extraordinary circumstances." Static Control Components, Inc. v. Darkprint Imaging, 201 F.R.D. 431, 434 (M.D.N.C.2001); see Huggins v. NC Dep't of Admin., No. 5:10-CV-00414-FL, 2012 WL 2061943, at *3 (E.D.N.C. June 7, 2012).

The government asserts several grounds in support of its motion to quash, which the court finds unavailing under the circumstances of this case. As an initial matter, the government proposes quashing the notice of deposition under the standard for quashing or modifying a subpoena, under

Rule 45(d)(3)(A). Petitioner was not required to serve Ms. Jackson with a subpoena for purposes of taking her deposition in preparation for the evidentiary hearing in this § 2255 matter. While Rule 34 authorizes a party to issue subpoenas to non-parties, Rule 30 authorizes a party to depose parties. Ms. Jackson, as an attorney for the government, is an agent or employee of the United States, a party to this § 2255 case. See United States v. Barile, 286 F.3d 749, 758 (4th Cir. 2002); United States v. Kattar, 840 F.2d 118, 130 (1st Cir.1988) ("Whether or not the entire federal government in all its capacities should be deemed a party-opponent in criminal cases, the Justice Department certainly should be considered such."); cf. Giglio v. United States, 405 U.S. 150, 154 (1972). Therefore, no subpoena for deposition is required.

In any event, the court considers the grounds raised for quashing petitioner's notice and finds them unavailing either as applied to a subpoena or notice of deposition. The government first opposes the notice of deposition on the basis that it "seeks information that is protected by attorney-client privilege, prosecution privilege, deliberative process privilege, and as attorney work-product." (DE 154 at 3). The government does not elaborate on any of these claims of privileges, and none of these general claims of privilege are sufficient under present circumstances to quash the deposition in its entirety. As set forth in the court's prior orders, and as emphasized above, the scope of discovery in this matter in advance of evidentiary hearing is circumscribed. The deposition of Ms. Jackson properly may be limited to testimony concerning "[c]ommunications between the prosecution and petitioner and his counsel (both Edwards and/or Zeszotarski) during the course of the underlying criminal case." (DE 146 at 14) (emphasis added). So limited, a deposition of Ms. Jackson need not cover information protected by attorney-client privilege, prosecution privilege,

6

deliberative process privilege, or attorney work-product.  Rather, the deposition need only concern communications between Ms. Jackson and Mr. Edwards and Mr. Zeszotarski.

In particular, in summarizing the testimony sought, petitioner points to the court's July 14, 2014, order, as well as the government's interrogatory response, for a summary of Ms. Jackson's anticipated testimony.  The information summarized in the government's interrogatory response is limited, and does not appear to implicate the privileges raised by the government.  For example, the government states the following in interrogatory response:

> AUSA Jane Jackson might provide testimony as to her communications with Mark Edwards regarding the government's investigation into the availability of the public authority defense and its discovery that the public authority defense did not apply to Greenoe.  Specifically, AUSA Jane Jackson could testify that she inquired with the Central Intelligence Agency and confirmed that Greenoe was not working on behalf of the CIA, she communicated this information to Attorney Mark Edwards, and that Mark Edwards, having conferred with his client, advised AUSA Jane Jackson that Greenoe would not be pursuing the public authority defense.

(DE 154-1 at 3-4).  Further, the government states:

> AUSA Jane Jackson spoke with Mark Edwards via telephone on or about December 7, 2010; on or about January 25, 2011, to advise attorney Mark Edwards of the government's inquiry to the Central Intelligence Agency (CIA) and the CIA's confirmation that the defendant was not a contractor for the CIA; and on or about February 18 and 23, 2011, regarding the defendant's response to the government's motion to demand notice of a public authority defense. AUSA Jane Jackson also communicated with Mark E. Edwards by phone or received a voicemail from Mark E. Edwards on the following occasions: January 13 and 20, 2011; February 8, 10, and 14, 2011. Respondent reserve[s] the right to supplement this response with further information regarding these phone calls.

(DE 154-1 at 4-5).  In sum, based on the limited scope of discovery allowed, as well as the summary of anticipated testimony, the privileges generally stated by the government do not provide a basis for quashing deposition of Ms. Jackson.

7

The government next argues that the deposition imposes an undue burden, considering such factors as relevance, the need of the requesting party for the testimony, and the breadth of the request. Concerning relevance, the government argues that proposed testimony is not relevant because it does not bear on whether petitioner's trial counsel failed to properly advise his client of the availability of the public authority defense. The court, however, previously set forth the relevance of information and testimony concerning "[c]ommunications between the prosecution and petitioner and his counsel (both Edwards and/or Zeszotarski) during the course of the underlying criminal case." (DE 146 at 14). Ms. Jackson's proposed testimony bears directly on this issue identified in the court's order, and thus is highly relevant. In addition, Ms. Jackson's testimony could provide a critical counterpoint to testimony by Mr. Edwards concerning the extent and nature of his communications with the government, thus enabling a more accurate evaluation of the credibility of Mr. Edwards' and petitioner's potential testimony.

Concerning need for the testimony and the breadth of the request, the government argues that the full extent of Ms. Jackson's knowledge regarding the availability of the public authority defense has already been disclosed in the above-quoted interrogatory responses. Contrary to the government's argument, however, the interrogatory responses confirm and support petitioner's need for further deposition of Ms. Jackson. They confirm that Ms. Jackson has relevant information regarding the key issue concerning communications between the prosecution and defense counsel. They support petitioner's need for deposition because they provide only a summary of such testimony, instead of the testimony itself. See, e.g., Huggins, 2012 WL 2061943, at *2, (stating "it is not unusual for a party to seek to further explore responses to written discovery through a

8

deposition," and "[b]y its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery") (citations omitted).

As a final matter, the government notes that "it has not begun the process of obtaining the requisite authority to allow the deposition of AUSA Jackson as outlined in <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462, 468 (1951)." The government does not explain how this delay itself provides an additional basis to quash the notice, but rather suggests it may need some amount of time to obtain such authorization after the court's ruling. The court will provide the government 40 days from the date of this order to make Ms. Jackson available for deposition, and if the government seeks additional time to obtain authorization pursuant to <u>Touhy</u>, the government may move for further extension, or seek extension by consent of petitioner. In any event, as set forth below, applicable regulations pursuant to <u>Touhy</u> suggest that the noticed deposition is in fact appropriate and warranted.

As noted by the government, "[i]n <u>Touhy</u>, the Supreme Court had held that subordinate federal officers could not be held in contempt for failing to comply with a court order in reliance on a validly promulgated regulation to the contrary." <u>Smith v. Cromer</u>, 159 F.3d 875, 879 (4th Cir. 1998). "<u>Touhy</u> is part of an unbroken line of authority which directly supports [the] contention that a federal employee may not be compelled to testify contrary to his federal employer's instructions under valid agency regulations." <u>Id.</u>

> Under pertinent Department of Justice regulations,
>
> Every attorney in the Department of Justice in charge of any case or matter in which the United States is a party is authorized, after consultation with the 'originating component' as defined in § 16.24(a) of this part, to reveal and furnish to any person, including an actual or prospective witness, a grand jury, counsel, or a court, either during or preparatory to a proceeding, such testimony, and relevant unclassified material, documents, or information secured by any attorney, or investigator of the

9

> Department of Justice, as such attorney shall deem necessary or desirable to the discharge of the attorney's official duties: *Provided*, Such an attorney shall consider, with respect to any disclosure, the factors set forth in § 16.26(a) of this part: *And further provided*, An attorney shall not reveal or furnish any material, documents, testimony or information when, in the attorney's judgment, any of the factors specified in § 16.26(b) exists, without the express prior approval by the Assistant Attorney General in charge of the division responsible for the case or proceeding, . . . or such persons' designees.

28 C.F.R. § 16.23. In turn, § 16.26(a) sets forth permissive factors as follows:

> (a) In deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider:
>
> (1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, and
>
> (2) Whether disclosure is appropriate under the relevant substantive law concerning privilege.

28 C.F.R. § 16.26(a). By contrast, § 16.26(b) sets forth restrictive factors as follows:

> Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exist:
>
> (1) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.Cr.P., Rule 6(e),
>
> (2) Disclosure would violate a specific regulation;
>
> (3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency,
>
> (4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,
>
> (5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired,

10

> (6) Disclosure would improperly reveal trade secrets without the owner's consent.

28 C.F.R. § 16.26(b).

Considering potential application of these factors in this case, in light of the relevance of Ms. Jackson's testimony concerning her communications with trial counsel, the deposition is appropriate under the rules of procedure governing the case or matter in which the demand arose. Further, due to the limited nature of the information sought, the deposition is appropriate under the relevant substantive law concerning privilege. Finally, the government has identified no reason why any of the restrictive factors in § 16.26(b) would apply. Indeed, for example, as set forth in the court's July 2014, order, there is no need at this stage of the case for inquiry into classified information or investigatory records that would interfere with enforcement proceedings.

In sum, the government has not identified any valid basis to quash the notice of deposition of Ms. Jackson, where such deposition is conducted within the subject matter limitations as set forth in this order. The government shall make Ms. Jackson available for video deposition, as noticed by petitioner, within 40 days of the date of this order, or at such time thereafter as the parties mutually agree. The parties shall provide joint notice to the court within 14 days of completion of the deposition of Ms. Jackson, including three proposed dates for holding evidentiary hearing in this matter.

## CONCLUSION

Based on the foregoing, the government's motion to quash (DE 153) is DENIED. The government is DIRECTED to make Ms. Jackson available for video deposition, as noticed by petitioner, within 40 days of the date of this order, or at such time thereafter as the parties mutually

agree. The parties shall provide joint notice to the court within 14 days of completion of the deposition of Ms. Jackson, including three proposed dates for holding evidentiary hearing in this matter.

SO ORDERED, this the 3rd day of February, 2015.

*Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge